# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT<br>30 North Gould Street<br>Suite 12848<br>Sheridan, WY 82801<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES CENTERS FOR MEDICARE<br>  & MEDICAID SERVICES<br>7500 Security Boulevard<br>Baltimore, MD 21244<br>     and<br><br>UNITED STATES DEPARTMENT OF HEALTH<br>  AND HUMAN SERVICES<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>   Defendants. | C.A No. 24-3157 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against Defendant U.S. CENTERS FOR MEDICARE & MEDICAID SERVICES ("CMS") and Defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ("the Department" or "HHS"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel production of records in response to two FOIA requests submitted directly to a component of HHS, the U.S. Centers for Medicare & Medicaid Services.

2. CMS and HHS have improperly and constructively denied the requests by failing to provide an initial determination and/or to produce responsive records or otherwise

perform in accordance with their obligations under FOIA, as applied by this Court in *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

3. Defendants CMS and HHS have not responded to plaintiff with an initial determination or substantive response with respect to the requests, but have merely assigned the requests FOIA control numbers.

4. CMS and HHS have not given plaintiff any estimate the volume of records responsive to the requests, nor a date by which responsive records would be produced, nor any information with respect to FOIA exemptions which the agency anticipates might apply.

5. CMS and HHS have therefore failed to respond to plaintiff's requests.

6. Accordingly, plaintiff files this lawsuit to compel CMS and HHS to comply with the law and produce the properly described public records in these FOIA requests.

## PARTIES

7. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest litigation center organized under the laws of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom.

8. Defendant United States Centers for Medicare & Medicaid Services ("CMS") is within and a part of the United States Department of Health and Human Services ("HHS"). It is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). CMS has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

9. Defendant United States Department of Health and Human Services ("HHS") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). HHS has possession, custody,

and control of records responsive to Plaintiff's FOIA requests because CMS is a subordinate part of HHS. HHS's headquarters is located in the District of Columbia. This suit seeks relief against HHS for acts and omissions of CMS.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the Defendants are federal agencies operating in the District of Columbia, and because this action is filed in the District of Columbia.

12. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendants neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

## PLAINTIFF'S FOIA REQUESTS

13. On September 24, 2024, plaintiff submitted a request to Defendant CMS seeking copies of certain described state report records.

14. CMS's FOIA portal, https://foia-request.cms.gov/check-status, acknowledges September 14, 2023, as the date CMS received the request.

15. On September 30, 2024, Defendant assigned the request Control Number 092420247096.

16. On September 30, 2024, plaintiff submitted a request directly to Defendant CMS seeking copies of certain described 2024 emails of six named officials using certain keywords.

17. CMS's FOIA portal, https://foia-request.cms.gov/check-status, acknowledges September 30, 2023, as the date CMS received the request.

18. On October 30, 2024, Defendant assigned the request Control Number 093020247023.

19. For this latter request, CMS has not provided the required determination on Plaintiff's requests for fee waiver.

20. CMS has not provided the required "determination" affirming it is in fact processing either request. CMS has not provided the information necessary to issue a "determination," including but not limited to how many documents are being processed, nor any information regarding what exemptions CMS expects to claim to withhold any records.

21. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

22. 5 U.S.C. § 552(a)(6)(A) prescribes that FOIA's 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

23. Neither of those scenarios are applicable to CMS's actions in the instant matter.

24. Defendants owed Plaintiff a "*CREW*" response to its requests, including a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), no later than October 23, 2024, and October 29, 2024, respectively.

25. As of this filing, Defendants have provided no substantive response or "determination" with respect to the requests as that term is defined in the Freedom of Information Act and as the D.C. Circuit explained was the obligation of every agency in *CREW*, 711 F.3d at 188.

26. Defendants have yet to produce any records responsive to the FOIA requests described herein or any substantive response, and as such Defendants are now past the statutory period for issuing such a determination on the above-described requests.

27. Defendants continue to improperly deny plaintiff access to agency records in violation of FOIA, and also to withhold the statutorily required "determination" regarding what number of records are responsive to plaintiff's requests and being processed.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

28. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

29. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

30. Plaintiff has a statutory right to the information it seeks, and defendant has unlawfully withheld the information.

31. Plaintiff is not required to further pursue administrative remedies.

32. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but defendants have failed to provide the records;

    b. CMS's processing of plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy CMS's obligations under FOIA;

    c. CMS must now produce records responsive to plaintiff's requests, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

33. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

34. Plaintiff is entitled to injunctive relief compelling defendants to produce the records responsive to the FOIA requests described herein.

35. Plaintiff asks the Court to enter an injunction ordering defendants to produce to plaintiff, within 20 business days of the date of the order, the requested records sought in plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the plaintiff.

36. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to CMS's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

37. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

38. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

39. This Court should enter an injunction or other appropriate order requiring the defendants to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the defendants comply with FOIA and every order of this Court;

2. Declare defendants have violated FOIA by failing to provide plaintiff with the requested records, and/or by failing to notify plaintiff of final determination within the statutory time limit;

3. Declare that the documents sought by the plaintiff in its requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order defendants to expeditiously provide the requested records to plaintiff within 10 business days of the Court's order and without cost to the plaintiff;

5. Award plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 7th day of November 2024,

> GOVERNMENT ACCOUNTABILITY & OVERSIGHT
> By Counsel:
>
> /s/Matthew D. Hardin
> Matthew D. Hardin, D.C. Bar No. 1032711
> Hardin Law Office
> 1725 I Street NW, Suite 300
> Washington, DC 20006
> Phone: (202) 802-1948
> Email: MatthewDHardin@protonmail.com
>
> *Counsel for Plaintiff*